A & V FISHING, INC.,

v.

The HOME INSURANCE COMPANY.

Civ. A. No. 92–12052–S.

United States District Court,
D. Massachusetts.

Jan. 4, 1993.

Joseph M. Orlando, Orlando & Associates, Gloucester, MA, for plaintiff.

Thomas J. Muzyka, Clinton & Muzyka, Boston, MA, for defendant.

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR RULE . 11 SANCTIONS (# 6)

COLLINGS, United States Magistrate Judge.

Plaintiff's Motion for Rule 11 Sanctions (# 6) requires that the Court examine the relationship between Rules 11 and Rule 37(c), Fed.R.Civ.P., in the circumstance in which a party is served with requests for admission of facts and denies the same even though there is substantial evidence that the facts are true and the responding party knows that they are true.

F/V JOSEPHINE MARIE was owned by the A & V Fishing, Inc. (hereinafter, "A & V"); the vessel sank off the north coast of Cape Cod in February, 1992. A dispute over whether the vessel was insured for the loss by the defendant, The Home Insurance Company (hereinafter "Home"), ensued. Home filed a declaratory judgment action claiming that A & V entered into a contract of marine insurance with Home

for the period March 15, 1991 to March 15, 1992 for the vessel JOSEPHINE MARIE and that the relief sought was a declaration that the loss in February, 1992 did not fall "... within the perils coverage of the above policy." Exhibit A to # 6, paragraphs 4–6. The declaratory judgment action, denoted Civil Action 92–11367–S, was later dismissed in favor of litigating all of the issues raised in the petition for declaratory judgment in the instant case in which A & V seeks payment for the loss under the policy.

In the instant case, plaintiff served requests for admissions pursuant to Rule 36, Fed.R.Civ.P. Requests 2, 3 and 4 read as follows:

2. The defendant, The Home Insurance Company, is engaged in selling insurance policies.

3. On March 15, 1991 the defendant, The Home Insurance Company, issued an insurance policy # MH–F798996 to the plaintiff covering the F/V JOSEPHINE MARIE through March 15, 1992.

4. The Insurance Policy No. MH–F798996 to A & V Fishing, Inc. was in full force and effect on February 1, 1992.

Exhibit B to # 6, pp. 1–2.

To each of these requests, defendant responded:

The defendant denies the matters set forth in paragraph 2 [3 and 4].

Exhibit C to # 6, p. 1.

■ Defendant's Opposition to Plaintiff's Motion for Rule 11 Sanctions (# 8) makes several points. First, Home suggests that A & V's motion should be denied because the A & V's counsel has failed to comply with Local Rules 7.1(A)(2) and 37.-1(A)(B) (eff. 10/1/92). L.R. 7.1(A)(2) provides:

No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue.

L.R. 37.1(A) provides, in pertinent part:

Before filing any discovery motion, including any motions for sanctions or for a protective order, counsel for each of the parties shall confer in good faith to narrow the areas of disagreement to the greatest possible extent. It is the responsibility of the moving party to arrange for the conference.

L.R. 37.1(B) provides, in pertinent part:

[I]f disputed issues are not resolved at the discovery conference, a dissatisfied party may file a motion and a supporting memorandum. The motion shall include a certificate in the margin of the last page that the provisions of this rule have been complied with.

Although it is true that A & V's counsel has failed to comply with L.R. 37.1(B) in that there is no certificate in the margin of the last page that L.R. 37.1 has been complied with, there is within the body of the motion and the attachments sufficient evidence that there has been compliance so that the failure to include a certificate in the required form may be excused. In paragraph 8 of A & V's motion, its counsel avers that the inconsistencies between the responses to the requests and the allegations of the declaratory judgment petition were pointed out to Home's counsel during a telephone call initiated by A & V's counsel on November 23, 1992. A & V's counsel also wrote a letter to Home's counsel on November 23, 1992 confirming the telephone conversation and reiterating the problems which he had with the responses. The penultimate paragraph of the letter reads:

Please be advised that the phone call and letter combined satisfy the local rules for conferencing discovery issues.

No response to the letter was forthcoming from Home's counsel, and, accordingly, the motion for sanctions was filed on December 15, 1992.

Home's counsel argues that the local rules were not complied with because "[t]he record shows there was only an initial telephone inquiry with a confirming letter and no follow-up conference." # 8, paragraph 2, pp. 2–3. I do not know what Home's counsel expected. If he thought that the local rules required an in-person conference, he is mistaken. A & V's coun-

sel had indicated both orally and in writing what he perceived as a problem. The ball was clearly in Home's counsel's court to respond to the problem, either by advising that he disagreed and did not see a problem or that he needed some time to consider the matter and would get back to A & V's counsel within a reasonable time.

I find that there was sufficient compliance with the local rules by A & V's counsel. The mechanisms of the local rules are designed to resolve or narrow areas of dispute; they are not to be employed as a stalling tactic by counsel from whom discovery is sought.

██ Home's second point is that A & V's counsel should invoke the provisions of Rule 36(a), Fed.R.Civ.P., and "... move to determine the sufficiency of the answers or objections." *Id.* There are two problems with this suggestion. The first is that Home interposed no objections. to the requests. The second is that "determining the sufficiency of the answers" refers only to whether the answers "comply with the requirements of this rule." Rule 36(a), Fed.R.Civ.P. There is no question but that Home's denial meets the requirements of the rule, and A & V's counsel does not contend otherwise. A & V's argument is that the denial is improper because Home is denying facts which Home knows to be true. This is not a proper ground for a motion to determine the sufficiency of the answers under Rule 36(a), Fed.R.Civ.P. As the Advisory Committee Notes to the 1970 Amendments indicate, the deterrent for false answers lies in Rule 37(c), Fed. R.Civ.P.

██ Home's third argument is based on Rule 37(c), Fed.R.Civ.P., which provides, in pertinent part:

> If a party fails to admit ... the truth of any matter as requested under Rule 36, and the party requesting the admissions thereafter proves ... the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it

finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (4) there was other good reason for the failure to admit.

Home first seems to imply that Rule 37(c) is the exclusive remedy for serving untrue answers to requests to admit and that the provisions of Rule 11 either do not apply to responses to requests to admit or are trumped by Rule 37(c). I find no support for this proposition.

Rule 11, Fed.R.Civ.P., provides, in pertinent part, that:

> The signature of an attorney or party constitutes a certificate by the signer that the signer had read the pleading, motion or other paper; that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact ...
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> If a pleading, motion, or other paper is signed in violation of this rule, the court, upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

It seems clear that the responses to requests for admission would come within what is meant by "pleading, motion and other paper" and a false answer to a request to admit would hardly be "well-grounded in fact" if the signer knew or should have known of the falsity. In addition, although both Rules 11 and 37(c) provide for sanctions in the form of payment of expenses, they are not identical. Rule 37(c) provides for an award of reasonable expenses incurred in making proof at trial of the facts which were improperly denied. Rule 11 is broader, providing for "an appropriate sanction" including the payment of expenses, including reasonable attor-

ney's fees, incurred because of the filing of the pleading which is found in violation of the rule. Accordingly, I rule that a false answer to a request for admission may result in the imposition of sanctions under either or both Rules 11 and 37(c), Fed. R.Civ.P.

■ Home's next argument is that "... this case is in the preliminary stages of discovery" and "... its responses are sufficient at this stage of discovery." # 8, paragraphs 5 and 6, pp. 2–3. If this argument is meant to suggest that because discovery is at an early stage, a party does not have to make reasonable inquiry to determine whether a request for admission is to be admitted or denied, it is fallacious. Rule 36(a), Fed.R.Civ.P., requires a "reasonable inquiry." If after such inquiry, a party is without sufficient knowledge to admit or deny the request, it may so state. But just because a case is in the early stage of discovery does not mean that a party can merely deny requests and amend the responses later after discovery has occurred if, by "reasonable inquiry", the party could have obtained the information needed to admit or deny the request.

Having said all that, it seems to me to be the better practice to defer to trial the issue of whether Home's answers have violated Rule 11 and/or 36 and if so, whether sanctions should be awarded pursuant to Rule 11 and or Rule 37(c), Fed.R.Civ.P. Rule 37(c), Fed.R.Civ.P., seems to indicate that the remedy provided by that rule is to be invoked only after the requesting party has made its proof, and the Advisory Committee Notes to the 1970 Amendments make that point explicit.[1] Thus, any consideration of whether there has been a violation of Rule 11 in the responses to requests to admit by false denials and whether the sanctions provided by that rule should be imposed should be taken up at the same time as the question of Rule 37(c) sanctions is considered.

Accordingly, it is ORDERED that Plaintiff's Motion for Rule 11 Sanctions (# 6) be,

and the same hereby is, DENIED without prejudice to filing such a motion after trial.

---

1. "... Rule 37(c) is intended to provide posttrial relief in the form of a requirement that the party improperly refusing the admission pay the expenses of the other side in making the necessary proof at trial."