**F. Michael JOSEPH, Plaintiff,**

v.

**Courtney FRATAR, et al., Defendants.**

No. Civ.A. 99–30263–MAP.

United States District Court,
D. Massachusetts.

Aug. 30, 2000.

---

John B. Stewart, Moriarty, Donoghue & Leja, Springfield, MA, for F. Michael Joseph.

Nunziata S. Reynolds, Law Office of Nunziata S. Reynolds, Worcester, MA, for Courtney Fratar and Constance W. Frater.

*MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES (Docket No. 18)*

NEIMAN, United States Magistrate Judge.

Pursuant to FED.R.CIV.P. 37(c)(2), F. Michael Joseph ("Plaintiff") seeks an award of attorney's fees and expenses incurred in proving the truth of certain matters denied in Courtney Fratar ("Defendant")'s responses to requests for admission. Rule 37(c)(2) provides as follows:

> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.

FED.R.CIV.P. 37(c)(2). For the reasons which follow, the court will deny the application.

## I. BACKGROUND

This is an automobile accident case. The two admission requests cited by Plaintiff in his application for an award concern matters rising out of the accident. In Request No. 4, Plaintiff asked Defendant to admit the following: "You did not see the plaintiff's car in enough time to take sufficient action to avoid hitting it." Request No. 5 asked that Defendant admit that "[t]here was not enough distance between your vehicle and the plaintiff's car to allow you to avoid hitting it." Defendant denied both requests for admission, causing Plaintiff, as he now claims, to take Defendant's deposition on June 15, 2000.

Shortly thereafter, on July 6, 2000, Plaintiff moved for summary judgment on the issue of liability asserting that the undisputed facts of record established that a rational jury could only conclude that Defendant was negligent when she rear-ended Plaintiff's vehicle. Immediately thereafter, Defendant, through counsel, notified Plaintiff's counsel that she would not oppose the motion for summary judgment. Upon being informed of Defendant's position (*see* Docket No. 16), District Judge Michael A. Ponsor allowed Plaintiff's motion.

## II. DISCUSSION

Plaintiff asserts, citing Rule 37, that the admissions denied were "of substantial importance" and that Defendant knew she had

no reasonable grounds to think she could prevail on this matter, as evidenced by her "volte face upon cross examination in her deposition." (Docket No. 18.) In opposition, Defendant asserts that, at the time of responding to the requests for admission, she believed her responses to be true. In addition, Defendant contends that her deposition testimony entailed more than the question of liability and, at any rate, was not the "volte face" that Plaintiff now claims it to have been. Rather, Defendant maintains, Plaintiff's counsel "more clearly elucidated the questions at issue" and only after "thorough questioning" was she able to respond with more appropriate answers. Finally, Defendant points out that Plaintiff proceeded immediately to the motion for summary judgment without having first contacted Defendant and that, when served, Defendant indicated that she would not stand in opposition.

Although both parties appear to concentrate on the enumerated exceptions to the imposition of fees and costs outlined in Rule 37(c)(2)—most importantly whether Defendant had reasonable grounds to believe that she might prevail on the particular admissions proffered (subsection (C))—the court believes that Plaintiff's application has to overcome a more fundamental hurdle, namely, whether Plaintiff, in accord with the rule, has in fact "prove[n] ... the truth of the matter[s]" requested. In the court's estimation, Plaintiff's reliance on Defendant's response (or more accurately lack of response) to his motion for summary judgment as such proof, while perhaps arguably appropriate, is insufficient for a number of reasons.

First, the two admissions can be subject to various interpretations. As Chief Judge Lagueux of the Rhode Island District Court recently explained,

> [r]equests for admissions are not intended for factual discovery that should be done through interrogatories and depositions. They are a cruder device because a party may accept, deny or object to facts phrased by the opposition. They exist to narrow the issues at trial where the par-

ties' unambiguously agree. The fact is that parties in litigation conflict. They believe different things and they have different interpretations of both words and events. The party that proffers the requests must recognize that its opponent may read those words differently.

*Russo v. Baxter Healthcare Corp.*, 51 F.Supp.2d 70, 79 (D.R.I.1999). *See also Scheufler v. Gen. Host Corp.*, 915 F.Supp. 236, 239 (D.Kan.1995) (motion for costs dismissed because requests embraced complicated technical issues subject to conflicting expert testimony), *aff'd*, 126 F.3d 1261 (10th Cir.1997). Here, Defendant claims with some force that she reaffirmed her denial to Request No. 4 at the deposition and that only after Plaintiff asked five more questions was she able to clarify her point of view and, then, only in an equivocal manner:

Q. You were following him too close and going too fast and not paying attention. Is that correct?

A. Well, it would seem that way, yes.

(Def.'s Dep. at 22–23 (quoted in Def.'s Opp'n to Pl.'s Application for an Award of Att'ys' Fees and Expenses (Docket No. 21) at 2 n. 1).) As to Request No. 5, Defendant asserts that her denial had not changed by the conclusion of the deposition.

Similarly, while the requests for admission concerned certain factual aspects of the accident, Plaintiff's motion for summary judgment went to the ultimate question of liability. It was only when Defendant declined to oppose the motion that the liability issue was conceded. *Cf. Bateman v. Standard Brands, Inc.*, 9 F.R.D. 555, 555 (W.D.Mo.1949) (expenses denied where party declining to admit did not contest admission issue at trial and requesting party's expenses in making proof were trivial). Stated another way, even Defendant's admission of the two facts proffered would not necessarily have meant that Plaintiff had *proven* the ultimate question of liability. Defendant may still have been found to be without chargeable fault had she gone to trial.[1]

---

1. For example, the two challenged requests did not address potential causes of the accident other than Defendant's vision and the space between the cars.

There is a final, related issue that the court will also consider: whether summary judgment can ever serve the function of proof contemplated by Rule 37(c). Generally speaking, evidence submitted in support of summary judgment is not tested on the witness stand. At best, such evidence may be controverted by contrary subjective evidence.

The advisory committee notes to the 1970 amendments to Rule 37 touches on this issue. The note explains that Rule 36, which governs requests for admission, "does not provide for a pretrial hearing on whether the response is warranted by the evidence thus far accumulated." The note then goes on to state that, even though Rule 37(c) does not specify the time when a motion for fees must be filed, it "is intended to provide *posttrial relief* in the form of a requirement that the party improperly refusing the admission pay the expenses of the other side in making the necessary proof *at trial*." *Id.* (emphasis added). *See also* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2290 at 708 n. 5 (1994) (indicating that Rule 37(c) motion comes "after trial"); *Cooper v. State Farm Fire & Cas. Co.*, 568 So.2d 687, 696 (Miss.1990) ("Rule 37(c) clearly contemplates a motion after trial, and indeed a motion for sanctions prior to that time would be premature, since the party must have proved the genuineness of the document or the truth of the matter involved before he can move for sanctions."); *A & V Fishing, Inc. v. Home Ins. Co.*, 145 F.R.D. 285, 288 (D.Mass.1993) (noting that remedy provided by Rule 37(c) "is to be invoked only after the requesting party has made its proof" and that the advisory committee notes "make that point explicit").

This is not to say that summary judgment can never serve as the basis of a successful Rule 37(c) motion. That is exactly what was affirmed in *Chemical Eng'g Corp. v. Essef Indus., Inc.*, 795 F.2d 1565, 1574–75 (Fed.Cir. 1986). Here, however, the factual issues were never joined. As Defendant argues in opposition to Plaintiff's application for fees, her choice not to contest Plaintiff's motion for summary judgment on the issue of liability removed the factual issues set forth in the requests from any future court proceedings, including trial. Moreover, as discussed, the particular facts denied by Defendant, even if admitted, would not necessarily have obviated Plaintiff's need to pursue summary judgment.

### III. *CONCLUSION*

For the reasons stated, Plaintiff's application for an award of attorney's fees is DENIED.

IT IS SO ORDERED.